HUGH CRAYCRAFT *v.* L. W. DUNCAN.

[Abstract Kentucky Law Reporter, Vol. 6—651.]

**Rescission of contract.**

Where a contract is rescinded the parties in interest should be protected in their rights and one holding lien notes taken on the sale of real estate where the sale is rescinded can not lose both the lien notes and the land.

APPEAL FROM CARTER CIRCUIT COURT.

March 5, 1885.

OPINION BY JUDGE PRYOR:

Duncan, the original plaintiff in this action, by his amended pleading concedes that the appellant, Craycraft, is the real party in intent and entitled to enforce the lien. The notes are his as Duncan distinctly avers, and the result of the litigation affects Craycraft and not Duncan. The appellees, except Duncan, insisted on the rescission of the contract, and their ancestor being a feme covert at the time she gave the notes, there was nothing left to be done, so far as appellees are concerned, but to rescind the contract.

A rescission having been adjudged, the chancellor should have placed Craycraft, who stood in the shoes of Duncan, in possession. He was entitled either to the notes or the land, and complete equity could be done all the parties in no other way. It is now claimed

in the pleadings or at least, in the brief, that the appellees are holding under Duncan and claim the land by purchase from him. If so, they should pay their lien notes, but as they assert their right to a rescission and as Craycraft is entitled to the results of the litigation, neither Duncan nor the defendants will be allowed to hold the land without satisfying his demands. His counsel may have prepared the judgment, still this can not affect the parties as to their rights. The case comes here as the judgment of the chancellor and it was not necessary to make any objection or exceptions to the final judgment. If erroneous, it will be reversed.

On the return of the cause the appellees may retain the land by satisfying Craycraft's demands, and if not, Craycraft should be placed in possession. Judgment *reversed* and remanded for proceedings consistent with the opinion.

*Botts & Davis,* for appellant.

*B. F. Bennet, Roe & Roe,* for appellees.

[Cited, *Talbott v. Campbell,* 23 Ky. L. 2199, 67 S. W. 53.]